UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAIRE BALL;<br>SCOTT SCHLUTER,<br><br>        Plaintiffs,<br><br>        v.<br><br>LISA M. MADIGAN, Attorney General of Illinois;<br>CHARLES W. SCHOLZ, Chairman, Illinois Board of Elections;<br>ERNEST L. GOWEN, Vice Chairman, Illinois Board of Elections;<br>BETTY J. COFFRIN, Member, Illinois Board of Elections;<br>CASANDRA B. WATSON, Member, Illinois Board of Elections;<br>WILLIAM J. CADIGAN, Member, Illinois Board of Elections;<br>ANDREW K. CARRUTHERS, Member, Illinois Board of Elections;<br>WILLIAM M. MCGUFFAGE, Member, Illinois Board of Elections;<br>JOHN R. KEITH, Member, Illinois Board of Elections, all in their official capacities,<br><br>        Defendants. | Case No. 15-cv-10441 |

---

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

      Plaintiffs Claire Ball and Scott Schluter, by their attorneys Jacob Huebert and Jeffrey Schwab of the Liberty Justice Center and Benjamin Barr and Stephen R. Klein of the Pillar of Law Institute, bring this action for declaratory and injunctive relief, and complain as follows:

## INTRODUCTION

1. Effective January 1, 2014, the State of Illinois enacted the Compassionate Use of Medical Cannabis Pilot Program Act. *See* H. Bill 0001, 98th Gen. Assembly (2013), *available at* http://www.ilga.gov/legislation/BillStatus.asp?DocNum=1&GAID=12&DocTypeID=HB&LegId=68357&SessionID=85&GA=98; 410 ILL. COMP. STAT. ("ILCS") 130/1 *et seq*. The purpose of the Act was to recognize the legitimate medical uses of cannabis and "protect patients with debilitating medical conditions, as well as their physicians and providers, from arrest and prosecution, criminal and other penalties . . . ." 410 ILCS 130/5(g).

2. Unlike many other states that have enacted similar cannabis pilot programs, Illinois enacted an accompanying ban against political speech and association. *See* 10 ILCS 5/9-45. It provides that it is "unlawful for any medical cannabis cultivation center or medical cannabis dispensary organization or any political action committee created by any medical cannabis cultivation center or dispensary organization to make a campaign contribution." *Id.* Likewise, it is "unlawful for any candidate, political committee, or other person to knowingly accept or receive any contribution prohibited." *Id.*

3. The Supreme Court has long made clear that there is "no right more basic in our democracy than the right to participate in electing our political leaders." *McCutcheon v. Fed. Elec. Com'n* (*FEC*), 134 S.Ct. 1434, 1440–41 (2014); *see generally* U.S. CONST. amend. I. This includes the right to make political contributions. *Id*. Similarly, government is never justified in imposing "restrictions on certain disfavored speakers." *Citizens United v. FEC*, 558 U.S. 310, 341 (2010).

4. Illinois enacted a ban against political contributions by one class of disfavored speakers— medical cannabis cultivators or dispensers—while contributions by similarly situated

2

speakers in other businesses subject to state licensure are not banned. *See* 10 ILCS 5/9-45. Likewise, candidates and political action committees ("PACs") wishing to solicit and accept contributions from these groups are banned from doing so.

5. Plaintiffs Claire Ball and Scott Schluter are politically active citizens who favor cannabis legalization. Plaintiff Ball is a candidate running for the office of Comptroller and is identified with the Libertarian Party of Illinois. Plaintiff Schluter is a candidate running for 117th District State Representative and is identified with the Libertarian Party of Illinois. *See generally* Libertarian Party Platform, Libertarian Party, *available at* http://www.lp.org/platform (last visited Oct. 5, 2015) ("We favor the repeal of all laws creating 'crimes' without victims, such as the use of drugs for medicinal or recreational purposes, since only actions that infringe on the rights of others can properly be termed crimes. Individuals retain the right to voluntarily assume risk of harm to themselves.").

6. Under the current law, plaintiffs are prohibited from accepting campaign contributions from medical cannabis cultivators, dispensaries, or their related PACs. In this way, the State of Illinois has forbidden candidates for public office from associating with one class of individuals—medical cannabis cultivators, dispensaries, and their related PACs. This constitutes a prior restraint against Plaintiffs' First Amendment rights of free speech and association that cannot be sustained by any imaginable government interest.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the First and Fourteenth Amendments to the Constitution of the United States. This

Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the Civil Rights Act, 42 U.S.C. § 1983.

8. This Court has jurisdiction to award attorneys' fees, in its discretion, in this action. 42 U.S.C. § 1988(b).

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)–(2) because Defendant resides in the Northern District of Illinois and all of the events or omissions giving rise to the claims in this district.

## PARTIES

10. Plaintiff Claire Ball is a resident of Addison, Illinois. She is running as Libertarian Party candidate for Comptroller. She would like to approach medical cannabis cultivators and dispensaries about supporting her campaign with campaign contributions and accept such contributions, but the law forbids her from doing so.

11. Plaintiff Scott Schluter is a resident of Marion, Illinois. He is running as a Libertarian Party candidate for the 117th State Representative District. He would like to approach medical cannabis cultivators and dispensaries about supporting his campaign with campaign contributions and accept such contributions, but the law forbids him from doing so.

12. Defendant Lisa Madigan is the Attorney General of the State of Illinois and maintains an office in Cook County, Illinois. Attorney General Madigan has the power to prosecute violations of the challenged provision under 10 ILCS 5/9-25.2.

13. Defendant Charles Scholz is the Chairman and a member of the Illinois State Board of Elections ("the Board"), which maintains an office in Cook County. The Board receives complaints of campaign-finance-law violations under 10 ILCS 5/9-20. The Board is

empowered to hold preliminary hearings to determine whether complaints of violations have "justifiable grounds" under 10 ILCS 5/9-21. The Board holds public hearings and may impose fines, report violations to the Attorney General or the appropriate State's Attorney, and seek injunctions and enforce civil penalties in the Illinois state circuit courts. *See* 10 ILCS 5/9-21, 23, 24.

14. Defendant Ernest L. Gowen is the Vice Chairman and member of the Board.
15. Defendant Betty J. Coffrin is a member of the Board.
16. Defendant Casandra B. Watson is a member of the Board.
17. Defendant William J. Cadigan is a member of the Board.
18. Defendant Andrew K. Carruthers is a member of the Board.
19. Defendant William M. McGuffage is a member of the Board.
20. Defendant John R. Keith is a member of the Board.

## STATEMENT OF FACTS

21. The Illinois Election Code allows individuals to contribute up to $5,400 per election to candidates or candidate political committees. 10 ILCS 5/9-8.5(b); *see also* Illinois State Board of Elections "Contribution Limits," http://goo.gl/77GMav. It also permits corporations, labor organizations, and association to contribute up to $10,800 per election to candidates running for state office. *Id*. Lastly, the Code provides that individuals may contribute up to $10,800 per election to PACs and that corporations, labor organizations, political party committees, or associations may contribute up to $21,600 per election to PACs. 10 ILCS 5/9-8.5(e).

22. Since January 2014, the Illinois Election Code has banned all medical cannabis cultivators, dispensaries, and any related PACs from making campaign contributions to candidates or their political committees or to other political committees. 10 ILCS 5/9-45.

23. Plaintiff Claire Ball has been active with the Illinois Libertarian Party for three years. She previously ran as a candidate for College of DuPage Trustee. She is currently running as candidate for office of the Comptroller and is motivated to reclaim lost constitutional liberties in Illinois if elected. Information about her campaign can be found at http://www.claireballforillinois.com.

24. Plaintiff Scott Schluter is a politically involved citizen concerned about diminishing freedoms and government abuse of constitutional liberties. On October 25, 2014, Plaintiff Schluter along with the Southern Illinois Libertarian Party created a float presentation in the Pinckneyville Mardi Gras parade focusing on the theme, "Get the government out of your garden." It had as its focus the legalization of cannabis in Illinois. Mr. Schluter is the Political Division Director for the Libertarian Party of Illinois and has served as its Deputy Director. He is the sitting Chairman for the Southern Illinois Libertarian Party, a position which he has held since September 2014. He recently decided to run for 117th District State Representative motivated by his concerns about the State of Illinois, individual liberty, and drug criminalization. Plaintiff Schluter plans to be active in Illinois politics and run for other elected seats in the future.

25. As part of their platforms for seeking elected office, Plaintiffs would like to make cannabis legalization—both medical and recreational—a foundational part of their efforts. To do so, they would like to gather support and associate with likeminded individuals and groups in Illinois.

26. Plaintiff Ball has already accepted $1,450.00 in contributions to her campaign. Plaintiff Schluter has already accepted $172.22 in contributions to his campaign. Both Plaintiffs would like to approach more individuals and groups to solicit and receive support for their candidacies.

27. Under 10 ILCS 5/9-45, Plaintiffs are forbidden from accepting campaign contributions from medical cannabis cultivation centers, dispensary organizations, or PACs of such groups. Thus, the law chills them from associating with such groups, which are likely to support Plaintiffs' policy positions, in the form of receiving campaign contributions and thus restricts their ability to fund their campaigns at sufficient levels from individuals who align with their policy perspectives. Plaintiffs also represent the rights of others not before the court—medical cannabis cultivators and dispensers—whose rights are chilled due to the overbroad reach of the state's cannabis contribution ban. Plaintiffs enjoy *jus tertii* standing to assert both their own rights and the rights of others whose speech and association are suppressed by the law in question. *See Wisconsin Right to Life PAC v. Barland,* 664 F.3d 139, 147–48 (7th Cir. 2011).

28. Medical cannabis legalization and full cannabis legalization are important policy positions for Plaintiffs, but they are unable to ask for and accept campaign contributions from medical cannabis cultivation centers and dispensary organizations to advance those policy positions through their campaigns. Without being able to associate with these likeminded groups and generate support, Plaintiffs will be less able to mount an effective political campaign, adequately associate with supporters, and otherwise better inform themselves of their supporters' concerns. *See Buckley v. Valeo*, 424 U.S. 1, 21 (1976) (contribution restrictions

prevent "candidates and political committees from amassing the resources necessary for effective advocacy").

29. Illinois law provides that individuals violating the medical cannabis contribution ban may be fined up to $5,000 or $10,000 depending on the office of candidate involved. 10 ILCS 5/9-23.

30. Plaintiffs have not accepted any campaign contributions from medical cannabis cultivators or dispensaries or related PACs due to fear of penalties established by the law. They seek declaratory and injunctive relief to eliminate the chill this law creates in exercising their First Amendment rights. Were they free to do so, Plaintiffs would start soliciting and accepting campaign contributions now and in any future elections from medical cannabis cultivators and dispensaries.

## COUNT I
**The Contribution Ban of 10 ILCS 5/9-45 violates the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 5 of the Illinois Constitution**

31. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. amend. I.

32. Article I, Section 4 of the Illinois Constitution provides that "All persons may speak, write and publish freely, being responsible for the abuse of that liberty." Article I, Section 5 of the Illinois Constitution provides that "The people have the right to assemble in a peaceable manner, to consult for the common good, to make known their opinions to their representatives and to apply for redress of grievances."

33. The giving and receiving of contributions to support political candidates constitutes a protected form of speech and association. "[C]ontribution and expenditure limitations impose

direct quantity restrictions on political communication and association by persons, groups, candidates, and political parties." *Buckley,* 424 U.S. at 17–19.

34. In the context of election law, "preventing corruption or the appearance of corruption are the only legitimate and compelling government interests thus far identified for restricting campaign finances." *Nixon v. Shrink Missouri Government PAC*, 528 U.S. 377, 428 (2000). On information and belief, medical cannabis cultivators and producers are not singularly more corrupting than similarly situated individuals.

35. In this instance, a "statute which chills speech can and must be invalidated where its facial invalidity has been demonstrated." *Citizens United*, 558 U.S. at 335.

36. 10 ILCS 5/9-45 is a prior restraint against medical cannabis cultivators and producers making campaign contributions and against candidates and PACs accepting them. As such, it comes to this court "bearing a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963). 10 ILCS 5/9-45 discriminates against the speech and associational rights of Illinois cultivators and dispensers of medical marijuana by prohibiting them from making any campaign contributions while allowing similarly situated business— including other businesses subject to state licensure—to make contributions. 10 ILCS 5/9-18. Similarly, it discriminates against the speech and associational rights of Plaintiffs by prohibiting them from accepting these campaign contributions.

37. Because there is no conceivable government interest to support a ban against one class of speakers speaking and associating, the law must be invalidated on its face and as applied. "Were the Court to uphold these restrictions, the Government could repress speech by silencing certain voices at any of the various points in the speech process." *Citizens United*, 558 U.S. at 339.

38. Whatever interests the State of Illinois might have related to the integrity of the electoral process, they can be secured in a manner better tailored to those interests. A ban is properly tailored "only if each activity within the proscription's scope is an appropriately targeted evil." *Frisby v. Schultz*, 487 U.S. 474, 485 (1988). Because 10 ILCS 5/9-45 runs roughshod and bans each and every contribution by a medical cannabis cultivator or producer and each and every contribution received by a candidate, it cannot be said to be properly tailored.

39. 10 ILCS 5/9-45 wholly deprives individuals of the First Amendment right to associate and express themselves freely with candidates who support their views on cannabis legalization, and for candidates to freely associate and accept contributions from medical cannabis cultivators and producers, by imposing an indefensible contribution ban.

40. Because 10 ILCS 5/9-45 is unconstitutional as a campaign contribution ban and chills Plaintiff's First Amendment freedoms, it must be declared unconstitutional and injunctive relief issued.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. A declaratory judgment that the campaign contribution ban in 10 ILCS 5/9-45 is unconstitutional on its face and as applied.

2. Preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 1983 against enforcement of 10 ILCS 5/9-45.

3. An award of nominal damages in the amount of $1.00 for the violation of Plaintiffs' constitutional rights.

4. Plaintiffs' reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988, the Illinois Civil Rights Act of 2003, 740 ILCS 23/5, or any applicable statute or authority, and further relief this Court may grant in its discretion.

5. Any other relief that the Court deems just and appropriate.


Respectfully submitted,


/s/ Jacob H. Huebert
Jacob H. Huebert (#6305339)
Jeffrey M. Schwab (#6290710)
Liberty Justice Center
190 S. LaSalle Street
Ste. 1500
Chicago, Illinois 60603
312.263.7668 [Tel.]
jhuebert@libertyjusticecenter.org
jschwab@libertyjusticecenter.org

Benjamin Barr (#6274521)
Stephen R. Klein (#6300226)
Pillar of Law Institute
455 Massachusetts Avenue NW
Ste. 359
Washington, DC 20001-2742
202.815.0955 [Tel.]
benjamin.barr@pillaroflaw.org
stephen.klein@pillaroflaw.org


Dated this 19th day of November, 2015.

## CLAIRE BALL VERIFICATION

I, Claire Ball, declare as follows:

1. I reside at 325 S. Harvard Ave., Addison, Illinois 60101.

2. I have personal knowledge of my activities, including those set out in this Verified Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Verified Complaint concerning my existing and proposed activities are true and correct.

Executed on November /7, 2015.

*Claire Ball*

Claire Ball

## SCOTT SCHLUTER VERIFICATION

I, Scott Schluter, declare as follows:

1. I reside at 20284 Ranch Lane, Marion, Illinois 62959.

2. I have personal knowledge of my activities, including those set out in this Verified Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Verified Complaint concerning my existing and proposed activities are true and correct.

Executed on November 17, 2015.

_____
Scott Schluter